IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PLANO ORTHOPEDIC & SPORTS MEDICINE CENTER, P.A.**, | § § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. **3:09-CV-2124-L** |
| **AETNA U.S. HEALTHCARE OF NORTH TEXAS, INC.**, | § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Plaintiff's Motion to Remand Removed Action, filed December 9, 2009; and (2) Plaintiff's Motion for Leave to Amend Its Pleading, filed February 1, 2010. After reviewing the motions, responses, reply, briefs, appendices, record, and applicable law, the court **denies without prejudice** Plaintiff's Motion to Remand Removed Action, and **denies without prejudice** Plaintiff's Motion for Leave to Amend Its Pleading.

### I.     Factual and Procedural Background

Plaintiff Plano Orthopedic & Sports Medicine Center, P.A. ("Plaintiff" or "POSM") originally filed this action against Defendant Aetna Health Inc. f/k/a Aetna U.S. Healthcare of North Texas, Inc. ("Defendant" or "Aetna") in the 44th Judicial District Court, Dallas County, Texas, on October 3, 2008. Plaintiff brought claims against Aetna for breach of contract and violations of the Texas Insurance Code due to Defendant's alleged failure to pay claims, underpayment of claims, or late payment of claims.

In May 2000, POSM and Aetna entered into an agreement establishing which medical procedures and costs Aetna would cover and what amount Aetna would pay POSM for those

services. The parties later amended this agreement in 2003. Plaintiff asserts that under the two agreements and under Texas law, Aetna was required to pay the insurance claims, request additional information, or deny the claims with an explanation. Plaintiff contends that Aetna failed to perform as agreed and "routinely underpaid, paid late, or failed to pay claims." Pl.'s Mot. to Remand 2.

Defendant removed the action to this court on November 9, 2009, after receiving information during discovery that identified the insurance claims in dispute. Defendant asserts that removal is proper because some of Plaintiff's state law claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*

Plaintiff now moves to remand to state court and argues that the state law claims against Defendant are not preempted. In its response, Defendant identified two individual claims among the approximately 25,000 at issue, both of which it contends are completely preempted by ERISA.

Plaintiff also moves to amend its complaint to omit the two insurance claims identified by Defendant as preempted by ERISA. Defendant contends that eliminating the two insurance claims will not affect the court's jurisdiction because other insurance claims still contested by Plaintiff are also preempted by ERISA.

## II. Legal Standards

### A. Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home*

**Memorandum Opinion and Order – Page 2**

*Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

### B. Leave to Amend

When considering a request for leave to amend, the court freely gives leave when justice so requires. Fed. R. Civ. P. 15(a)(2). Although the decision to grant leave is discretionary, the court's discretion is "not broad enough to permit denial if the court lacks a substantial reason to do so." *In re Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996). A district court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* at 314-15 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent such factors, the court should allow amendment. *Foman*, 371 U.S. at 182.

### III. Analysis

#### A. Motion for Leave to Amend

Because it guides the court's analysis, the court first addresses Plaintiff's Motion for Leave to Amend Its Pleading. POSM has made clear that its intent and purpose of amendment is to eliminate the court's subject matter jurisdiction over this case and to allow remand to state court. Plaintiff's proposed amendment asks the court to allow exclusion of the two insurance claims identified as preempted by Aetna, and to add a statement to its complaint that it "does not seek recovery on any claims which were denied on the basis of plan coverage." Pl.'s Proposed Am. Compl. ¶ 7. Plaintiff asserts that it "only seeks recovery on those claims which Defendant has failed to pay the full contractual amount because Defendant applied the incorrect fee based on the contractually agreed[-]to schedule or failed to pay the correct amount in a timely manner." *Id.*

Plaintiff argues that the court should allow the amendment in the interest of justice because it merely clarifies POSM's intent to sue solely under state law, and it would not create an undue burden on Defendant. Plaintiff further contends that amendment is not futile because it will allow the case to be remanded to state court. Defendant responds by submitting evidence of five additional insurance claims which it contends are completely preempted by ERISA. Plaintiff did not file a reply and has not rebutted Defendant's evidence that these insurance claims are preempted.

Under *Aetna Health Inc. v. Davila*, ERISA preemption "turns on whether the Provider Agreement creates a legal duty 'independent' of the ERISA plan." *Lone Star OB/GYN Associates v. Aetna Health Inc.*, 579 F.3d 525, 530 (5th Cir. 2009) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)). The Fifth Circuit noted that *Davila* concerned situations where "potential liability . . . derives entirely from the particular rights and obligations established by the benefit

**Memorandum Opinion and Order – Page 4**

plans," specifically, when the issue requires coverage and benefit determinations. *Id.* at 532 (quoting *Davila*, 542 U.S. at 213). Such claims are preempted by ERISA. *Id.* "Where, however, a medical service is determined to be covered and the only remaining issue is the proper contractual rate of payment, coverage and benefit determinations are not implicated and the claims are not preempted." *Id.* Stated simply, the ERISA preemption issue in this case involves a conflict between insurance claims concerning *right* of payment (these claims are preempted under ERISA) and *rate* of payment (these claims are not preempted under ERISA).*

In support of its request to amend, Plaintiff argues that it has not delayed, does not have a bad motive, and has not repeatedly failed to cure deficiencies; nor would its amendment unduly prejudice Defendant. Plaintiff, however, has not given the court any reason to conclude that allowing it to amend its complaint as proposed would affect the court's existing subject matter jurisdiction. Eliminating the two insurance claims first identified by Defendant does not address the additional five that Defendant argues are also preempted.

This language that Plaintiff includes in its proposed amended complaint does not go far enough to achieve POSM's desired result. The proposed phrasing, as written, is vague, conclusory, and leaves open to reasonable interpretation which of the approximately 25,000 insurance claims are captured by the definition of "any claims which were denied on the basis of plan coverage." Further, the proposed amendment does not eliminate all seven of the insurance claims identified by Defendant as preempted by ERISA, and Plaintiff does not rebut Defendant's evidence that these

---

*The parties agree that ERISA preemption applies only to insurance claims involving a dispute over right of payment, which involves denial of the claim and would require interpretation of the patient's insurance plan, as opposed to rate of payment, which involves underpayment or other issues arising from the contract between the health care provider and the insurance company.

**Memorandum Opinion and Order – Page 5**

seven claims are preempted. Thus, the court determines that Plaintiff's Proposed Amended Complaint, as submitted, would have no effect on the court's existing subject matter jurisdiction over this case. The accordingly denies the proposed amendment as requested without prejudice.

If Plaintiff would like this case remanded, it must amend its complaint in such a way that specifically limits the claims asserted. The amended complaint must make clear that Plaintiff will be judicially estopped from asserting, or even implicating, any claims that are federal in nature; in other words, those insurance claims that involve right of payment and are preempted under ERISA. The current proposed amendment is insufficient to meet this standard.

### B. Motion to Remand

Plaintiff also moves to remand this action to state court. In light of the court's above analysis, remanding this case is inappropriate at this time, even if Plaintiff is allowed to amend as requested. As discussed, Plaintiff has not rebutted Defendant's evidence that at least seven of the approximately 25,000 included insurance claims are preempted by ERISA. Further, Plaintiff's complaint does not make clear that POSM is judicially estopped from asserting or implicating any insurance claims that are federal in nature; that is, insurance claims involving the right to payment or benefits under their respective plans.

The court therefore determines that it has subject matter jurisdiction over this action unless Plaintiff can dismiss or eliminate all of the insurance claims that are federal in nature. Any such amendment must also state that POSM is judicial estopped from asserting any insurance claims that raise a federal question or concern the right to payment. At this time, Plaintiff's complaint falls short of these requirements. The court's subject matter jurisdiction over this action is properly

invoked pursuant to 28 U.S.C. § 1331. Plaintiff's Motion to Remand Removed Action should be denied without prejudice.

IV. **Conclusion**

For the reasons herein stated, the court **determines** that subject matter jurisdiction is appropriate under 28 U.S.C. § 1331 and that Plaintiff's proposed amendment does not eliminate the court's subject matter jurisdiction over this case. The court accordingly **denies without prejudice** Plaintiff's Motion to Remand Removed Action, and **denies without prejudice** Plaintiff's Motion for Leave to Amend Its Pleading. If Plaintiff is able to amend its pleadings in a manner consistent with the directions of this memorandum opinion and order, the court will reconsider the issue of remand in that a district court has authority to remand a removed action when no federal claims remain.

**It is so ordered** this 19th day of August, 2010.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge