IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PLANO ORTHOPEDIC & SPORTS MEDICINE CENTER, P.A., | § § § § | |
| Plaintiff, | § § | Civil Action No. **3:09-CV-2124-L** |
| v. | § § | |
| AETNA U.S. HEALTHCARE OF NORTH TEXAS, INC., | § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Second Motion for Leave to Amend its Pleading, filed September 8, 2010. After reviewing the motion, response, record, and applicable law, the court **grants** Plaintiff's Second Motion for Leave to Amend its Pleading. The court further determines that, in light of Plaintiff's proposed amendment, no federal claims remain, and the court will **decline** to exercise jurisdiction over the state claims. Upon the filing of Plaintiff's Second Amended complaint, the court *sua sponte* **remands** this action to the 44th Judicial District Court, Dallas County, Texas.

**I.    Background**

This case stems out of a dispute concerning payment on over 25,000 insurance coverage claims arising from a contract signed and agreed to by the parties. The action was removed by Defendant Aetna U.S. Healthcare of North Texas, Inc. ("Aetna") to this court on November 9, 2009, on the basis that these insurance coverage claims presented a federal question. The major issue that the parties have been grappling with over the past year has been whether at least a portion of these

insurance coverage claims invoke the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq*.

Plaintiff Plano Orthopedic & Sports Medicine Center, P.A. ("POSM") tried unsuccessfully on February 1, 2010, to amend its complaint and eliminate all of the insurance coverage claims that would invoke ERISA. Through amendment, POSM intended to dissolve the court's federal question jurisdiction and allow remand of this action to state court. In denying the motion, the court stated in its August 19, 2010 memorandum opinion and order that, to accomplish its objective, POSM would have to replead in such a way that specifically limited the insurance coverage claims asserted, and judicially estopped POSM from asserting any insurance coverage claims that would raise a federal question concerning the right to payment under ERISA.

On September 8, 2010, POSM renewed its motion to amend and inserted specific representations in its complaint to comply with the court's directive. Aetna objects to the amendment because it contends that POSM's representations are insufficient to eliminate the specific insurance coverage claims that invoke ERISA. Aetna also submitted an affidavit of a paralegal, which identified thirty-three more of POSM's insurance coverage claims which, if advanced, would necessarily invoke ERISA and an analysis of right to payment. POSM filed no reply.

## II. Legal Standard

When considering a request for leave to amend, the court freely gives leave when justice so requires. Fed. R. Civ. P. 15(a)(2). Although the decision to grant leave is discretionary, the court's discretion is "not broad enough to permit denial if the court lacks a substantial reason to do so." *In re Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996). A district court "may consider such factors

as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* at 314-15 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent such factors, the court should allow amendment. *Foman*, 371 U.S. at 182.

## III. Analysis

### A. Motion for Leave to Amend

When the court denied POSM's first motion to amend without prejudice on August 19, 2010, it stated that it would reconsider the issue of remand if POSM could plead its claims in such a way that complied with the court's directive insofar as eliminating any federal question. ERISA preemption "turns on whether the Provider Agreement creates a legal duty 'independent' of the ERISA plan." *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 530 (5th Cir. 2009) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)). The Fifth Circuit noted that *Davila* concerned situations where "potential liability . . . derives entirely from the particular rights and obligations established by the benefit plans," specifically, when the issue requires coverage and benefit determinations. *Id.* at 532 (quoting *Davila*, 542 U.S. at 213). Such claims are preempted by ERISA. *Id.* "Where, however, a medical service is determined to be covered and the only remaining issue is the proper contractual rate of payment, coverage and benefit determinations are not implicated and the claims are not preempted." *Id.* Stated simply, the ERISA preemption issue in this case involves a conflict between insurance claims concerning *right* of payment (these claims are preempted under ERISA) and *rate* of payment (these claims are not preempted under ERISA).

**Memorandum Opinion and Order – Page 3**

POSM has inserted certain representations in its proposed amended complaint that it contends specifically limits the type of insurance coverage claims upon which it seeks recovery from Aetna. The relevant portion of the proposed amended complaint reads:

> Plaintiff does not claim, does not seek to recover and would not or will not accept recovery from the Defendant for any amounts the Defendant did not pay to the Plaintiff because the services were provided to a person not covered under the insurance plan in question, because the services provided were not covered under the insurance plan in question or for any reason where the refusal to pay would be governed by ERISA.
>
> It is the Plaintiff's intention that this pleading be sufficient to judicially estop it from asserting in this proceeding (or any subsequent proceeding brought in state court against the Defendant) that the Defendant is liable to it on any such claims, or on any claim that is not subject to and governed by Texas state law.

Pl.'s Proposed Second Am. Compl. at 4 ¶¶ 11-12. The court interprets this language to mean that POSM is waiving and abandoning any claim that is or could be conceived as federal in nature and therefore not contesting any of those insurance coverage claims upon which Aetna refused payment because of its documented determination that the medical services provided were not covered under the specific insurance plan. Further, if POSM attempts to challenge any such determinations made by Aetna with respect to the insurance coverage claims in the state action, its challenges would be barred, and it would be judicially estopped from asserting claims arising therefrom.

Judicial estoppel is an equitable doctrine that can prevent an amendment where "'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" *In re Save Our Springs (S.O.S.) Alliance, Inc.*, 632 F.3d 168, 175 (5th Cir. 2011) (quoting *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir.2008)). "Courts consider three factors when deciding whether judicial estoppel applies: '(1) whether the party's later

position is clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position; [and] (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" *Id.* (quoting *Peoples State Bank v. Gen. Elec. Capital Corp. (In re Ark-La-Tex Timber Co.)*, 482 F.3d 319, 332 (5th Cir. 2007). In this case, POSM has waived any legal right to challenge Aetna's payment on insurance coverage claims that were denied by Aetna because of its determination that the services provided lacked coverage under the insurance plan. If POSM attempts to assert these types of insurance coverage claims in the state court action, Aetna will be able to assert judicial estoppel as a valid defense because the court expressly holds that judicial estoppel applies. This is so because: (1) the court's decision to allow amendment is based on POSM's representations and the court's reliance on such representations that POSM will not assert such claims in state court, (2) the new position taken by POSM in state court would be clearly inconsistent with its position taken before this court, and (3) POSM would gain an unfair advantage against Aetna by the change in its position.

Aetna nevertheless argues that POSM's representations fall short of the court's directive because the representations did not detail the specific insurance coverage claims that POSM intends to eliminate from this lawsuit. Although POSM did not present a specific list of claims, the court determines that the representations are sufficiently specific insofar as complying with the court's directive and specifying the nature of the insurance coverage claims that are judicially estopped. That is, any insurance coverage claims that relate to *right* of payment, which include all claims on which Aetna declined to award payment because of Aetna's documented determination that such coverage did not apply. With respect to the insurance coverage claims that concern *rate* of payment,

in which such coverage did apply, but Aetna delayed in making payment or made no payment at all, judicial estoppel does not attach. The court believes that POSM's amended complaint sufficiently captures this distinction and that ERISA will not be invoked as to the insurance coverage claims involving rate of payment. *See Lone Star*, 579 F.3d at 532.

By requesting the court to accept its amended complaint, POSM has pleaded itself out of federal court. Even though POSM did not specifically do what the court instructed, it affirmatively and expressly states that it is not going to pursue any claims that could be perceived as federal in nature, and POSM is bound by this representation. The court considers this akin to a party amending its complaint and making no mention of a previously pleaded federal claim. When a party omits a claim in an amended pleading, that claim is no longer before the court. Here, while POSM has not done a blow-by-blow account of each of the 25,000 insurance coverage claims, it has sufficiently categorized the type of claim within that number upon which it will not seek recovery; that is, insurance coverage claims involving the right to payment where Aetna had made the prior determination that no coverage existed under the insurance plan. It is clear that POSM has waived and abandoned all federal claims. POSM is barred by its representations as to these claims being a part of its cause of action, and they are accordingly no longer before the court.

Having determined that the proposed amendment will eliminate any federal claims, the court must determine whether amendment should be allowed. In this context, the court determines that POSM should be allowed to amend its complaint because "justice so requires." Fed. R. Civ. P. 15(a)(2). Although this case has been pending in this court for just over a year, given a case of this magnitude, that is not an unreasonable amount of time. No undue delay will occur if the court allows amendment. There is no evidence of dilatory motive or bad faith by POSM. The court

further determines that Aetna suffers no undue prejudice, as it will be able to adequately defend this action in state court. Finally, the court rejects Aetna's futility argument because POSM has amended in such a way to eliminate all federal claims. Accordingly, the court determines that amendment of the pleadings is appropriate.

### B. Remand

Having made the determination that POSM is judicially estopped from asserting insurance coverage claims in any state action that would invoke ERISA and the *right* to payment, the court concludes that there is no longer a federal question to form the basis of the court's subject matter jurisdiction over this lawsuit. The Supreme Court case of *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), addresses the discretion of a district court to remand an action to the state level when no federal claims remain in that action. *See also* 28 U.S.C. § 1367(c)(3).

In *Carnegie-Mellon*, the Court specifically considered whether the appellate court was correct in denying a petition for a writ of mandamus to a district judge. The underlying action in *Carnegie-Mellon* involved two plaintiffs who brought claims in state court relating to the termination of one of the plaintiff's employment with a university. *Id*. at 345. Plaintiffs brought both state and federal claims in the state court action. *Id*. Defendants removed the case to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441(a). Six months after the case was removed, the plaintiffs moved to amend their complaint and omit certain claims, including their only federal claim for age discrimination. *Id*. at 346. They also filed a motion to remand the case, conditioned upon the court granting their motion for leave to amend. *Id*. The court granted the motion for leave to amend and then remanded the remaining state claims to state court. *Id*.

**Memorandum Opinion and Order – Page 7**

The defendants then filed a petition for a writ of mandamus against the district court judge in the United States Court of Appeals for the Third Circuit. *Id*. at 347. Initially, a panel granted the petition. *Id*. Later, the court, sitting *en banc*, vacated the panel opinions and the writ of mandamus. *Id*. at 348. The Court then granted *certiorari* to "resolve the split among the Circuits as to whether a district court has discretion to remand a removed case to state court when all federal-law claims have dropped out of the action and only pendent state-law claims remain." *Id*.

The Court held that a district court has such discretion. It concluded:

> [A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate. The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.

*Id*. at 357. Thus it is clear to the court that, after allowing POSM to amend and judicially estop itself from asserting any insurance coverage claims concerning denial of coverage and the right to payment, which trigger ERISA, the decision to remand is within the court's discretion.

The court determines that POSM intended to omit any insurance coverage claims that invoke ERISA. Accordingly, only state claims remain in this action. Although Aetna opposes remand and would argue that analysis of the factors in *Carnegie-Mellon* support keeping this action in federal court, the court disagrees. This case has been pending in this court for just over a year. Remanding to the state court would be preferable because the state court is better suited to handle these claims and there is no purpose served in keeping those claims in federal court. Moreover, this action was originally filed in state court and is now in federal court solely because of ERISA concerns

identified by Aetna, concerns which POSM has now judicially estopped itself from raising in a state court action. No purpose is served by forcing POSM to litigate in a forum where the reason for litigating in that forum is no longer applicable. The court can think of no unfair prejudice that will inure to Aetna if this case were tried in state court. Indeed, elimination of all federal claims coupled with POSM's agreement not to seek recovery on such claims necessarily narrows the scope and lowers the costs of the lawsuit, something that is ordinarily welcomed by an opposing litigant. Accordingly, remand of this action is appropriate.

### IV. Conclusion

For the reasons stated herein, the court **grants** Plaintiff's Second Motion for Leave to Amend its Pleading. POSM shall file its second amended complaint no later than **April 15, 2011, 5:00 p.m. Upon POSM's filing of its second amended complaint, the clerk of the court shall remand this action to the 44th Judicial District Court, Dallas County, Texas.** The clerk of the court is **directed** to effect the remand in accordance with the usual procedure.

**It is so ordered** this 12th day of April, 2011.

Sam A. Lindsay
United States District Judge